[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE VERDICTAND JUDGMENT (136) PLAINTIFF'S MOTION FOR MISTRIAL AND/OR A NEWTRIAL (137) AND PLAINTIFF'S MOTION FOR ADDITUR (138)]
The jury informed the clerk (no sheriff was in attendance) that a verdict was reached. The attorneys, plaintiff, court reporter, clerk and referee responded and were in attendance. The clerk knocked on the door, opened the door and was handed and took into possession two documents. The referee observed that two documents were returned.
The referee ordered the jury to remain in the deliberating CT Page 4515 room. The referee read the two verdicts to the plaintiff and both attorneys. Plaintiff's Verdict was properly signed and dated. (135) Defendant's Verdict was properly signed but the date i.e., "6" was missing. (134)
The referee requested comments from the attorneys. Plaintiff's attorney made an oral motion for a mistrial. Defendant's attorney requested that the jury be polled.
The referee summoned the six jurors to the courtroom, read both Verdicts to the jury and individually asked each juror which verdict he or she voted for. All six individually responded "Plaintiff's Verdict." The referee then proceeded to read the plaintiff's verdict as returned and inquired if that was their unanimous verdict. All six responded in the affirmative. The referee accepted and ordered it recorded as read.
The referee again read the plaintiff's verdict to all six jurors asking them if that verdict accepted and ordered recorded was their unanimous verdict. All six responded in the affirmative and the referee stated that it was final and dismissed the jury.
Each juror individually affirmed the Plaintiff's Verdict and repeatedly indicated it was his/her unanimous verdict after the second and third reading.
[136]
The referee cannot speculate as to why two verdicts were returned. Any inadvertence has been corrected. Plaintiff's attempt to second guess or speculate on the jury's finding of 10% comparative negligence invades the province of the jury. The jury was properly charged on common law negligence, proper control and proper lookout.
[137]
Here again plaintiff's motion for a mistrial and/or a new trial has no foundation. This referee cannot speculate as to what "may have influenced the jury."
[138]
This request for additur appears to rely on [Barbieri v.Taylor], 37 Conn. Sup. 1, (1980). This excellent decision by CT Page 4516 Justice Berdon clearly and precisely state the legal principles that govern this factual situation as to which there is room for reasonable differences of opinion among fair-minded men. The jury responded. The referee cannot second guess the jury. The amount of damages, if any, to be awarded is the sole provence of the jury. There is no manifest injustice. The verdict does not shock the sense of justice. There is no evidence of partiality, prejudice, mistake or corruption in the size of the award.
Numbers 136, 137 and 138 above are denied.
John N. Reynolds State Trial Referee